IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

VERSUS                                                          CRIMINAL NO. 1:09cr52WJG-JMR

CARLOS CRUZ-ALONZO

O R D E R

THIS CAUSE comes before the Court on the motion [21] of the Defendant, Carlos Cruz-Alonzo, to reconsider the sentence imposed in this case. Cruz-Alonzo pleaded guilty to a single-count Indictment which charged him with illegal re-entry after conviction for aggravated felony in violation of 8 U.S.C. § 1326(a)(2) and (b)(2). (Ct. R., Docs. 8; Minute Entry, 7/30/2009.) He was sentenced on October 26, 2009, to 64 months imprisonment, 3 years supervised release; a $100 special assessment. (Ct. R., Doc. 19.) Upon completion of the term of imprisonment, Cruz-Alonzo shall be surrendered to the custody of the Immigration and Customs Enforcement for removal proceedings consistent with the Immigration and Nationality Act. (*Id*., p. 4.) If removed, Cruz-Alonzo is not to re-enter the United States without the written permission of the Secretary of Homeland Security, and should he re-enter within the term of his supervised release, he shall report to the nearest United States Probation Office within 72 hours of his arrival. (*Id*.)

Cruz-Alonzo asserts that he was sentenced to 64 months imprisonment when he had signed a "46 to 57 month plea agreement." (Ct. R., Doc. 21.) A review of the Plea Agreement reveals no specific sentencing range as alleged by Defendant, but it does include the United

States' recommendation that the Court accept Defendant's plea of guilty and sentence him to the lower 50% of the applicable guideline range. He contends that the United States should be held to the "most meticulous standards of promise and performance" and that this standard was not met in his case. (*Id.*)

The Court considered all the relevant facts and imposed a sentence within its discretion at the time of the initial sentencing in this matter. As the sentence imposed was reasonable under the circumstances and based on the plea agreement, therefore, the Court lacks any basis for reducing the sentence imposed in this case. *United States v. Ross*, 557 F.3d 237, 243 (5th Cir. 2009). In addition, a district court's jurisdiction to correct or modify a defendant's sentence is limited to those specific circumstances enumerated by Congress in 18 U.S.C. § 3582(b). *See United States v. Bridges,* 116 F.3d 1110, 1112 (5th Cir. 1997). None of those conditions apply in this case, therefore, the Court finds that the motion to reconsider the sentence in this case should be denied. It is therefore,

ORDERED AND ADJUDGED that Defendant's motion to reconsider the sentence in this case [21] be, and is hereby, denied.

SO ORDERED, this the 2nd day of July, 2010.

*Walter J. Gex III*
UNITED STATES SENIOR DISTRICT JUDGE